IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

NICKIE R. LOGAN,                    : CIVIL ACTION

           Plaintiff.               : #1:18-CV-2004

        V.                          : JUDGE: JONES

JOHN E. WETZEL, SECRETARY           : **JURY TRIAL REQUESTED**

PA. DEPARTMENT OF CORRECTIONS,:

1920 TECHNOLOGY PARKWAY,            :

MECHANICSBURG, PA. 17050.,          :

           Defendant.       :

**FILED
SCRANTON**

OCT 2 4 2018

PER _____
DEPUTY CLERK

## FIRST AMENDED COMPLAINT

## PURSUANT TO RULE 15 (A) FOR CLARITY

## OF CLAIMS AND RELIEF REQUESTED

### JURISDICTION

The Jurisdiction of this Court is invoked pursuant to 28
U.S.C. §1331 as this Action is based upon the blatant Violation
of Rights Secured to the Plaintiff under the 1st Amendment and
14th Amendment of the United States Constitution and is
actionable pursuant to 28 U.S.C. §1983. Both the plaintiff and
the Defendant are within the Middle District Federal Court of
Pennsylvania and Venue is proper pursuant to 28 U.S.C. §1391.

### PARTIES

1. Plaintiff, Nickie R. Logan, is an adult Man of sound mind,
presently incarcerated within SCI-Huntingdon, located at 1100
Pike Street, Huntingdon, Pa. 16654-1112., awaiting the
resolution of Direct Appeal currently in the Third Circuit
Court of Appeals, from the Conviction and Sentence imposed by

the Court of Common Pleas Allegheny County, Pennsylvania.

2. Defendant John E. Wetzel, is an adult Man, who has while acting under colour of State and Federal Law, in his Official Capacity as Secretary of Pennsylvania Department of Corrections, issued Orders and Policies that has caused the blatant Violation of Plaintiff's First Amendment Privileged Correspondence Rights, Defendant Wetzel is responsible for the Actions of all Department of Corrections Employee's and ensuring that Defendant nor subordinate Employee's do not Knowingly Violate the Rights of Prisoner's confined in his Correctional Institutions.

3. On September 7, 2018, Defendant John E. Wetzel, Secretary of Pa. Department of Corrections gave new "Order"/Policy to SCI-Huntingdon Corrections Officers/Security Teams, Employee's, TO OPEN AND COPY MY LEGAL MAIL INTO THEIR SCANNER/COPIER HARD DRIVE PERMANENT MEMORY, TO KEEP THE ORIGINAL DOCUMENTS AND GIVE ME A COPY, which has Violated Plaintiff's First Amendment Privileged Correspondence Right, without cause and, is Arbitrary to D.C. ADM 803, (Exhibit-E), see Fontroy v. Beard, 559 F.3d 174 (3rd Cir.2009), wherein the Federal Court allowed for the Attorney Control Numbers and Identifying Information to be placed on Legal Mail from Attorney's and Courts so that it is Identified as Legal Mail and would be treated a Privileged Correspondence, see 28 C.F.R. §§540.2(c), 540.18(a). This Department of Corrections Policy requirement came as a result of then Secretary of Corrections Jeffrey A. Beard actions to stop the smuggling of Drugs into Prisons under Fictitious labeled Legal Mail believed to be used. On September 8, 2018, and September 18, 2018, I was taken to Security and watched

(2)

my clearly marked Legal Mail be opened, Copied into the Permanent Memory/Hard Drive of a Security Copier/Scanner and the originals placed into a bin. I was given a Copy while the Originals were left open for anyone to read and be Reproduced at any time by any department of Corrections Employee, I was told that this is the new "Policy/Order" of Secretary Wetzel. Legally, there is no Right to Grievance and there is no Grievance for the Actions of Secretary Wetzel's "Policy/Order" to violate Privileged Correspondence Rights beyond this Civil Action, as there is no other State Employee that is over Secretary Wetzel in his Official Capacity as Secretary of Pa. Department of Corrections beyond the Judges of this Court. (Exhibit-C, C1, C2, C3), accord, (Exhibit-D, D1, E), Nance v. Nogan, 2018 U.S. Dist. LEXIS 84444, (citing Mitchell v. Horn, 318 F.3d 523, 530 (3d. Cir.2003)); Helena v. Kramer, 214 F.App'x 244, 247 (3d Cir.2007) (citing Massey v. Helman, 259 F.3d 641, 647, (7th Cir.2001)); Washington v. Folino, 2013 U.S. Dist. LEXIS 39627, (citing Burnside v. Moser, 138 F.App'x 414 416 (3d. Cir.2005)) and; Bickell v. Miller, 2009 U.S. Dist. LEXIS 117916, (citing Burnside, Id., at 138 F.App'x 416)).

4. Defendant Wetzel's Policy allows for the blatant Violation of clearly established Privileged Correspondence Right under the First Amendment, (Exhibit-E, E1,E2,E3) and, is clearly Defendant Wetzel's Knowing, Intentional and Willful act, thus, this Court or another Federal Court can make Defendant Wetzel stop Violating Plaintiff 1st Amendment Right and there is no other adequate avenue to remedy the Violation of Plaintiff's First Amendment Privileged

Correspondence Right. Thus, Defendant, John E. Wetzel NEW "ORDER/POLICY", (Exhibit-E, E1,E2,E3) is a knowing, Intentional and Willful act that has caused injury to Plaintiff and will continue to injure Plaintiff until it is rescinded and no longer being enforced by him, therein, Defendant Wetzel has no immunity for the blatant Violation of clearly established Constitutional Rights, Wolff v. McDonnell, 94 S.Ct. 2963 (1974); Procunier v. Martinez, 94 S.Ct. 1800 (1974); Jones v. Brown, 461 F.3d 353, 359 (3rd Cir.2006); accord, Robinson v. Pa. Department of Corrections, 2007 U.S. Dist. LEXIS 4930, (deposition Testimony of predecessor Secretary of Corrections Jeffrey A. Beard on Issue of Privileged Correspondence Right); Booze v. Wetzel, 2016 U.S. Dist. LEXIS 47828, (citing Fontroy v. Beard, 559 F.3d 173, 175-176)).

5. On August 29, 2018, Defendant John E. Wetzel, implemented a State wide Lockdown of all State Correctional Facilities as a alleged result of 30 Correctional Officers over a 2 Month time span becoming sick from some unknown substance at (3) State Correctional Facilities, none of which were SCI-Huntingdon, none of the Prisoners at the (3) Institutions were sick and none of the Mail Room Employee's at the (3) Institutions became sick, and it must be pointed out that Plaintiff does not use any Drugs, Opiate, Narcotics or Illegal Substances, Cannabinoid or Synthetic Cannabinoid and, does not Drink Alcohol not Intoxicating Beverages Beer or Wines. it is alleged by Defendant Wetzel that from January to June of 2018, there were 2,034 drug incidents involving 1,802 Prisoners and 309 of those events involved synthetic Cannabinoid smuggled or

(4)

sent into the State Facilities through Mail or Visits, although there is no specific claim or arrest and prosecution of any Attorney or State/Federal Court Personnel or Judges, and Plaintiff has never been involved in any such events, somehow Legal Mail coming into the State Facilities has been added to the list of ways drugs are being introduced into the State Correctional Facilities. On September 7, 2018, Defendant John E. Wetzel, Secretary of Pennsylvania Department of Corrections ordered all Department of Corrections Employee's to undergo Emergency "Special Training"- how to wear Gloves and Face Masks while handling Legal Mail with the permission to blatantly Violate Privileged Correspondence Right by making Photo Copies of Clearly Marked Legal Mail and it's contents, keeping the Original paper Documents, Envelope and, giving the Addressed Plaintiff a Copy, while keeping the Originals Scanned onto a Hard Drive/Permanent Memory of Security Copier/Scanner, <u>which can be read, reproduced and, shared with other Correctional Employees at any time</u>. There is no rational relationship in these actions of Defendant Wetzel and they should therefore be deemed an exaggerated response to a already known Security problem, see <u>Fontroy v. Beard</u>, 559 F.3d 174 (3d Cir.2009) and <u>Vega v. Mullen</u>, 2018 U.S. Dist. LEXIS 23903, both discussing Pennsylvania Department of Corrections Legal Mail policy based upon the very same allegations of the cause for Defendant's actions, accord <u>Jones v. Brown</u>, 461 F.3d 353, 359 (3d Cir. 2006), explaining other Violations of 1st Amendment Privileged Correspondence Right, accord (Exhibit-A, A 1), this clearly marked Legal mail was received by Plaintiff on September 18, 2018, and was per Defendant Wetzel's "ORDER" opened inside of

(5)

a Plastic Incubator type bin, then Copied into the security
Scanner/Copier hard Drive Permanent memory, the original was
placed into another Plastic Incubator type bin and Plaintiff
was given a Copy of the Original. Thus, Defendant Wetzel action
of Ordering Corrections Officers/Security Team to photo Copy
Privileged Correspondence mail has caused Plaintiff actual
injury by leaving open and exposed Private Communications
between Plaintiff and Attorney's that Corrections Officer's and
Employee's would not otherwise see or have access to in the
course of their normal day to day duties, and wherefrom that
Plaintiff has no Privileged Correspondence with the Attorney's
and the Court's even though they have followed Department of
Corrections Policy requirement of obtaining a Verified Attorney
Control Number and use 28 CFR §§540.2(c), 540.18(a), 540.19,
Official Markings, accord, (Exhibit D, D1), Plaintiff is now
under extreme duress from being unable to discuss specific
matter with Attorney's directly related to Witnesses, Evidence,
Investigator Information findings, Hearing Proceedings or
further Appellate proceedings related to the Direct Appeal
pending in the Third Circuit Court of Appeals and Newly decided
cases applicable to the Issues of his Direct Appeal he doesn't
have access to.

6. Defendant Wetzel has no justifiable Penological interest in
blatantly Violating Plaintiff Privileged Correspondence Right
with Attorney's or the Court's, see Pell v. Procunier, 417 U.S.
817, 94 S.Ct. 2800 (1974); Block v. Rutherford, 468 U.S. 576,
586, 104 S.Ct. 3227 (1984); Turner v. Safley, 482 U.S. 78, 87-
91, 107 U.S. 2254 (1987), thus, the "ORDER" and, New Practice

(6)

of Scanning/Copying Plaintiff's Legal Mail and it's contents into the permanent Memory/Hard Drive of Security Scanner/Copier and keeping Original Documents, deprives Plaintiff of confidentiality. Regardless of Defendant good faith protestation to be made that he nor his Employee's does not and will not read the context of Plaintiff's Privileged Correspondence. There is and has been an alternative avenue Defendant could have used that fully accommodates Plaintiff's clearly established 1st Amendment Privileged Correspondence Right at a Deminimus cost to Defendant Wetzel's Penological Interest in keeping drugs from coming into State Facilities under the allegation of Fictitious Legal Mail, which Defendant Wetzel could have implimented in 2016, that would have eliminated the chances of Prisoner and Corrections Employee's Safety remaining in Jeopardy as alleged from the Court's and Plaintiff's Attorney's sending Legal Mail, accord <u>Turner</u>, 482 U.S. at 89-90, (citations omitted), 97-98.

## ALTERNATIVE AVENUE IF IMMEDIATELY IMPLIMENTED

6. The Alternative that could have been implemented in 2016, and should be implemented immediately, is the Electronic Filing System of the State and Federal Courts found at http://usjsportal.pacourts.us/refdocuments/judicialorder.pdf; www.ca3.uscourts.gov, (ECF HELP DESK)-(267-299-4970) "e-mail" ecf_helpdesk@ca3.uscourts.gov; and, www.courts phila.gov, see also, (Exhibit-B, B1, B2, B3, B4, B5, B6). Every Pennsylvania State Correctional Facility has at a minimum of (5) to (7) GTL Kiosk on evey Housing Unit accessible during normal operation hours excluding Count Times. One Kiosk can be dedicated to the

State and Federal Court's Electronic Filing System which is basically an E-Mail Account directly linked to the State and Federal Court's, Defendant Wetzel only has to log onto the State and Federal Court Websites to establish an E-Mail Account and makes that account accessible to the dedicated Kiosk in every State Facility which will allow prisoner direct access during normal operation hours of each State Facility, all GTL Tablets must have access to the Word Processor Function on the GTL tablets because all Documents Filed in the State and Federal Court's Electronically must be in Portable Document Format (PDF) (Exhibit's-B2, B3, B4, B5, B6), this function is what the GTL 2.0 Tablets are manufactured to do, see (PDF) Icon on 2.0 GTL Tablet which contains GTL and Pa.D.O.C. Information. The act of turning on the Word Processor Function of the GTL Tablet, dedication of One Kiosk and, Establishing a E-Mail Account with the State and Federal Courts is Deminimus, (Defendant WETZEL Legal Team already have THIS E-MAIL ACCOUNT), and, Defendant Wetzel's April 11, 2018, revision to Section III. Inmate Services/Privileges, Q.5. states:., the institution may provide you with a Universal Serial Bus (USB) Flash Drive.. These (USB) Flash Drives can also be used to store additional or Hard Copies of Legal Materials and, is a deminimus avenue to accomplish the objective of Defendant Wetzel and allow for Plaintiff to maintain his Privileged Correspondence with the Court and Attorney's. Plaintiff is still on Direct Appeal and necessarily needs to have and maintain 1st Amendment Privileged Correspondence with his Attorney's and the Court's, accord (Exhibit-A, A1), (Exhibit-A2, A3), accord, <u>Jones</u>, 461 F.3d 353, 361 (3rd Cir.2006).

Plaintiff, respectfully asks, that this Court award Punitive
Damages in the amount of $10,000.00¢ Ten Thousand Dollars and
Zero Cents from Defendant Wetzel for the blatant Violation of
1st Amendment Privileged Correspondence Right; and award
$10,000.00¢ Ten Thousand Dollars and Zero Cents per day for
every day Defendant Wetzels Actions/Orders has caused
subordinate Employee's to Violate Plaintiff's 1st Amendment
Privileged Correspondence Right shown by Video Surveillance;
and award $5,000.00¢ Five Thousand Dollars, Zero Cents per day
for every day Plaintiff's Legal Mail Contents has been left on
Permanent Memory/Hard Drive of security Scanner/Copier and
original Copies have been left open and available to View by
anyone other than Plaintiff; and Plaintiff asks, that a
permanent injunction enjoining Defendant and all Department of
Corrections Employee's from ever Scanning/Copying into
Permanent Memory Hard Drive of Security Scanner/Copier(s) and
keeping Original Legal Mail Envelopes and Contents in their
possession; and to change Policy by providing Plaintiff with
Gloves and Face Mask before Opening Legal Mail in his Presence
and shake for contraband; Plaintiff asks that this Court issue
the Bill for the Costs of these proceedings and any processing
fees including and Appellate proceedings that may be taken to
the Third Circuit Court of Appeals and the United States
Supreme Court to Defendant John E. Wetzel, and; Plaintiff asks
that this Court ORDER Defendant John E. Wetzel to have
implemented within (30) days a Direct E-Mail Account with the
State and Federal Court's of this State of Pennsylvania that

will allow Plaintiff to Electronically File Pleadings, Responses, Correspondences and to (activate the Portable Document Format, Word Processor Function) on the GTL Tablet Plaintiff has Purchased serial #JEA75214114, that will allow Plaintiff to create a Portable Document Format (PDF) as described in (Exhibit-B2, B3) to comply with Court Formats, to dedicate a GTL Kiosk to utilize for the Direct E-Mail Filings with the Court's in SCI-Huntingdon, to allow for Plaintiff to possess and utilize the Private Access Code that will be given by the Clerks of Court, and to allow for the 1 hour and 30 minute Training on ECF Filing, and for this Court to Schedule this matter to be Heard by A Jury; and, for this Court to maintain Jurisdiction over this Court's Order until such time as Defendant Wetzel has complied with it fully, including but not limited to payment of all awarded Punitive, Nominal Damages to Plaintiff; and for this Court to impose any other relief deemed necessary by this Court to vindicate the Violation of Plaintiff's clearly established 1st Amendment Right, including the Grant of Punitive and Nominal Damages as assessed by the Court from Defendant John E. Wetzel for failure to take action to remove the known avenue believed to allow for Drugs to be smuggled into SCI-Huntingdon, knowing that there was a clear and easy alternative avenue to accomplish the objective of stopping Drugs of any type from coming into every State Correctional Institution by Mail, Books-Publication, and Visits without Violating Established Constitutional Rights.

RESPECTFULLY SUBMITTED,

DATED: 10-19-18

*Tickie R. Jonn*

(10)

Kimberly R. Brunson, Attorney
**FEDERAL PUBLIC DEFENDER**
Western District of Pennsylvania
1001 Liberty Avenue, Suite 1500
Pittsburgh, Pennsylvania 15222

OFFICIAL BUSINESS

RETURN SERVICE REQUESTED

ACN# Rem.

NICKIE LOGAN
LJ-7274
SCI-HUNTINGDON
1100 PIKE STREET
HUNTINGDON PA 16654-1112

FAL

$ 00.47

EXHIBIT A

# FEDERAL PUBLIC DEFENDER
## WESTERN DISTRICT OF PENNSYLVANIA
### 1001 LIBERTY AVENUE
### SUITE 1500
### PITTSBURGH, PENNSYLVANIA 15222
phone: (412) 644-6565
fax: (412) 644-4594
website: *http://paw.fd.org*

**LISA B. FREELAND**
Federal Public Defender

**MICHAEL J. NOVARA**
First Assistant Federal Public Defender

**W. PENN HACKNEY**
Senior Litigator

**CHRISTOPHER B. BROWN**
**KIMBERLY R. BRUNSON**
**CANDACE CAIN**
**LINDA E.J. COHN**
**JAY J. FINKELSTEIN**
**SARAH LEVIN**
**ANDREW Z. LIPSON**
**THOMAS LIVINGSTON**
**ELISA A. LONG**
**LEON A. PARKER**
**RENEE D. PIETROPAOLO**
**SAMANTHA L. STERN**
*Assistant Federal Public Defenders*

September 14, 2018

Mr. Nickie Logan
LJ-7274
State Correctional Institution at Huntingdon
1100 Pike Street
Huntingdon, PA 16654-1112

Dear Mr. Logan:

In light of the Department of Corrections' new legal mail policy, I am not comfortable sending legal mail into DOC facilities until I have more information and/or the policy is rescinded. I know this far from ideal, but I cannot risk a breach of confidentiality. I have concerns about even sending case related filings because, in the regular course, prison guards and officials would not have access to the happenings in your case, and I do not think they should have that access now.

You can still send me letters and/or call my office collect. I will respond to your letters once I am able.

There will, of course, be exceptions. If it is critical that I get you something that's been filed in court, I will send it.

I apologize that this is necessary, but the information I've received to date is not clear and raises serious concerns. We, along with other federal defender offices in Pennsylvania, are working on a solution. In the meantime, please know we are not ignoring you.

Sincerely,

*s/ Kimberly R. Brunson*
Kimberly R. Brunson
Assistant Federal Public Defender

KRB/dap

EXHIBIT-A 1

UNITED STATES POSTAGE

PITNEY BOWES

02 1P $ 000.47⁰
0000023136 AUG 29 2018
MAILED FROM ZIP CODE 15222

, Attorney
.ENDER
.. Pennsylvania
.venue, Suite 1500
, Pennsylvania 15222

OFFICIAL BUSINESS

RETURN SERVICE REQUESTED

ACN # Rem

PITTSBURGH
PA 150
29 AUG '18
PM 5 L

NICKIE LOGAN
LJ-7274
SCI-HUNTINGDON
1100 PIKE STREET
HUNTINGDON PA 16654-1112

16654-000200

EXHIBIT A2

OFFICE OF THE CLERK

**PATRICIA S. DODSZUWEIT**
**CLERK**



**UNITED STATES COURT OF APPEALS**
FOR THE THIRD CIRCUIT
21400 UNITED STATES COURTHOUSE
601 MARKET STREET
PHILADELPHIA, PA 19106-1790
Website: www.ca3.uscourts.gov

TELEPHONE
215-597-2995

August 29, 2018

Kimberly R. Brunson Esq.
Keaton Carr Esq.
Lisa B. Freeland Esq.

RE: Nickie Logan v. District Attorney Allegheny Co, et al
Case Number: 16-4039
District Court Case Number: 2-15-cv-01699

Dear Counsel:

No later than fourteen days by **Wednesday, September 12, 2018** from the date of this
order, the parties shall each submit letters setting forth their positions as to as to whether
the concurrent sentence doctrine or the principles set forth in Gardener v. Warden
Lewisburg USP, 845 F.3d 99 (3d Cir. 2017), United States v. Ross, 801 F.3d 374 (3d Cir.
2015), and Barry v. Bergen County Probation Dept., 128 F.3d 152, 160-62 (3d Cir. 1997)
impact the Petitioner's request for habeas relief.

When filing in CM/ECF, please select the **Motions, Responses & Replies** category and
use the **Response** event. Hard copies are not necessary.

Very truly yours,

s/Patricia S.Dodszuweit
Clerk

By: *Tiffany L. Grier*
Tiffany L. Grier, Calendar Clerk
267-299-4905

*See Roy v. United States,*
*481 U.S. 736 107 S.CT. 2091 (1987)*
*Good for Vacating Conviction*
*& Sentence*

EXHIBIT A3

**Notes of Advisory Committee on 2018 amendments.** *Subdivision (b).* Rule 5(b) is amended to revise the provisions for electronic service. Provision for electronic service was first made when electronic communication was not as widespread or as fully reliable as it is now. Consent of the person served to receive service by electronic means was required as a safeguard. Those concerns have substantially diminished, but have not disappeared entirely, particularly as to persons proceeding without an attorney.

The amended rule recognizes electronic service through the court's transmission facilities as to any registered user. A court may choose to allow registration only with the court's permission. But a party who registers will be subject to service through the court's facilities unless the court provides otherwise. With the consent of the person served, electronic service also may be made by means that do not utilize the court's facilities. Consent can be limited to service at a prescribed address or in a specified form, and may be limited by other conditions.

Service is complete when a person files the paper with the court's **electronic-filing system** for transmission to a registered user, or when one person sends it to another person by other electronic means that the other person has consented to in writing. But service is not effective if the person who filed with the court or the person who sent by other agreed-upon electronic means learns that the paper did not reach the person to be served. The rule does not make the court responsible for notifying a person who filed the paper with the court's **electronic-filing system** that an attempted transmission by the court's system failed. But a filer who learns that the transmission failed is responsible for making effective service.

Because Rule 5(b)(2)(E) now authorizes service through the court's facilities as a uniform national practice, Rule 5(b)(3) is abrogated. It is no longer necessary to rely on local rules to authorize such service.

*Subdivision (d).* Rule 5(d)(1) has provided that any paper after the complaint that is required to be served "must be filed within a reasonable time after service." Because "within" might be read as barring filing before the paper is served, "no later than" is substituted to ensure that it is proper to file a paper before it is served.

Under amended Rule 5(d)(1)(B), a certificate of service is not required when a paper is served by filing it with the court's **electronic-filing system**. When service is not made by filing with the court's **electronic-filing system**, a certificate of service must be filed with the paper or within a reasonable time after service, and should specify the date as well as the manner of service. For papers that are required to be served but must not be filed until they are used in the proceeding or the court orders filing, the certificate need not be filed until the paper is filed, unless filing is required by local rule or court order.

Amended Rule 5(d)(3) recognizes increased reliance on electronic filing. Most districts have adopted local rules that require electronic filing, and allow reasonable exceptions as required by the former rule. The time has come to seize the advantages of electronic filing by making it generally mandatory in all districts for a person represented by an attorney. But exceptions continue to be available. Nonelectronic filing must be allowed for good cause. And a local rule may allow or require nonelectronic filing for other reasons.

Filings by a person proceeding without an attorney are treated separately. It is not yet possible to rely on an assumption that pro se litigants are generally able to seize the advantages of electronic filing. Encounters with the court's system may prove overwhelming to some. Attempts to work within the system may generate substantial burdens on a pro se party, on other parties, and on the court. Rather than mandate electronic filing, filing by pro se litigants is left for governing by local rules or court order. Efficiently handled electronic filing works to the advantage of all parties and the court. Many courts now

USCSRULE                                                    1

© 2018 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.



allow electronic filing by pro se litigants with the court's permission. Such approaches may expand with growing experience in the courts, along with the greater availability of the systems required for electronic filing and the increasing familiarity of most people with electronic communication. Room is also left for a court to require electronic filing by a pro se litigant by court order or by local rule. Care should be taken to ensure that an order to file electronically does not impede access to the court, and reasonable exceptions must be included in a local rule that requires electronic filing by a pro se litigant. In the beginning, this authority is likely to be exercised only to support special programs, such as one requiring e-filing in collateral proceedings by state prisoners.

A filing made through a person's electronic-filing account and authorized by that person, together with that person's name on a signature block, constitutes the person's signature.

### Prospective amendments:

By order dated April 26, 2018, the Supreme Court of the United States approved the following amendments to Rule 5, effective Dec. 1, 2018, and authorized their transmission to Congress in accordance with 28 USCS § 2074:

R

EXHIBIT B1

© 2018 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

## Appendix B Pdf File Information

What is a PDF file?

Portable Document Format (PDF) is a universal file format that preserves all fonts, formats, graphics and other typesetting attributes of a source (original) document, regardless of what application was used to create the source document. PDF files are most easily viewed using Adobe Acrobat Reader %99 , which is a free download available from www.adobe.com.

Why Convert Word and WordPerfect Documents to a PDF File?

PDF files are compact and are easily and quickly transmitted via the Web or through electronic mail. Although PDF files can be shared, viewed, navigated and printed, PDF files cannot be edited or altered by the recipient, thus preserving the integrity of the source document.

You must convert all of your documents to PDF format before submitting the documents to the District Clerk's Office through the Electronic Case Filing (ECF) system.

How Do You Convert a Word Processing Document to a PDF File?

1. WordPerfect 9 or later versions:

WordPerfect 9 and later versions have a built-in capability to convert any document to a PDF file:

1. Open the source document in WordPerfect.

2. While the source document is on the screen, choose FILE from the menu bar.

3. From the drop-down FILE menu, select PUBLISH TO PDF.

4. To save the source document as a PDF file, type the document name where prompted in the PDF window. To save the PDF file to a floppy disk, place floppy disk in appropriate hardware slot, and type *A: document name§* in the "Publish To PDF" pop-up window. Press "OK".

The source document is now saved in PDF format either on the hard drive or on a floppy disk.

2. All other WordPerfect versions, MS Word, or other Applications:

To convert a source document from an application other than WordPerfect 9, Adobe Acrobat 5.0 %99 (which contains a "writer" function) must be installed on your computer. Adobe

parules                                                    1

© 2018 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.



Acrobat 5.0 %99 is available for purchase from www.adobe.com.

1. Open the source document.

2. From the menu bar, select PRINT.

3. In the "Printer" window, select CURRENT PRINTER.

4. At the drop-down menu in the CURRENT PRINTER window, select ACROBAT DISTILLER.

5. Press "OK" to print the file to your hard drive or floppy disk, instead of to the printer.

6. After you press "OK", verify that the SAVED FILE TYPE is PDF, and press the SAVE button.



EXHIBIT B3

© 2018 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

# L.A.R. Misc. 113.0. Electronic Filing

### 113.1. Scope of Electronic Filing

(a) Except as otherwise prescribed by local rule or order, all cases will be assigned to the court's **electronic filing system**. Case-initiating documents in original proceedings in the court of appeals must be filed in paper format. Except as otherwise prescribed by local rule or court order, all briefs, motions, petitions for rehearing, and other documents subsequently filed in any case with the court by a Filing User registered as set forth under Rule 113.2 must be filed electronically using the **electronic filing system**.

(b) Ten paper copies of briefs and four paper copies of the appendices must be filed within 5 days as provided in L.A.R. 31.1. The clerk may direct a party to provide the court with paper copies of other documents electronically filed.

(c) Upon the court's request, a Filing User must promptly provide the clerk, in a format designated by the court, an identical electronic version of any paper document previously filed in the same case by that Filing User.

(d) By local rule or order of the court or clerk, electronic access to entire case files or portions thereof may be restricted to the parties and the court. Public documents, except those filed under seal, may be viewed at the clerk's office.

(e) Upon motion and a showing of good cause, the court may exempt a Filing User from the provisions of this Rule and authorize filing by means other than use of the **electronic filing system**.

**Source:** Model Local Rules

**Cross-references:** FRAP 31; L.A.R. 31.1

**Comments:** Rules on electronic filing were added in 2008. This Local Appellate Rule is not intended to supplant the requirements of FRAP 31(b) or any local rule or procedure requiring counsel to provide additional paper copies of filings to the court. Time for filing paper copies changed to 5 days in 2010.

### 113.2. Eligibility, Registration, Passwords

(a) Attorneys who intend to practice in this court, including attorneys authorized to represent the United States without being admitted to the bar of this court, must register as Filing Users of the court's **electronic filing system**. Registration requirements will be defined by the court and may include training as a prerequisite to registration as a CM/ECF Filing User.

© 2018 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.



**(b)** A party to a pending civil case who is not represented by an attorney may, but is not required to, register as a Filing User in the __electronic filing system__ solely for purposes of that case. Filing User status will be terminated upon termination of the case. If a pro se party retains an attorney, the attorney must advise the clerk.

**(c)** Registration as a Filing User constitutes consent to electronic service of all documents as provided in these rules and with the Federal Rules of Appellate Procedure.

**(d)** Filing Users agree to protect the security of their passwords and immediately notify the PACER Service Center and the clerk if they learn that their password has been compromised. Filing Users may be sanctioned for failure to comply with this provision. The clerk may terminate without notice the electronic filing privileges of any Filing User who abuses the system by excessive filings, either in terms of quantity or length. The clerk may order that overlength or repetitive filings will not be available electronically.

**(e)** Upon motion showing extraordinary circumstances, the clerk may grant an exemption from electronic filing.

**Source:** Model Local Rules

**Cross-references:** L.A.R. 46

**Comments:** Rules on electronic filing were added in 2008.

### 113.3. Consequences of Electronic Filing

**(a)** Electronic transmission of a document to the __electronic filing system__ consistent with these rules, together with the transmission of a Notice of Docket Activity from the court, constitutes filing of the document under the Federal Rules of Appellate Procedure and the local rules of this court, and constitutes entry of the document on the docket kept by the clerk under FRAP 36 and 45(b). If the court requires a party to file a motion for leave to file a document, both the motion and document at issue should be submitted electronically; the underlying document will be filed if the court so directs.

**(b)** Before filing a document with the court, a Filing User must verify its legibility and completeness. Documents created by the filer and filed electronically must be in PDF text format. When a document has been filed electronically, the official record is the electronic document stored by the court, and the filing party is bound by the document as filed. Except in the case of documents first filed in paper form and subsequently submitted electronically under Rule 113.1, a document filed electronically is deemed filed at the date and time stated on the Notice of Docket Activity from the court.

**(c)** Filing must be completed by midnight on the last day Eastern Time to be considered

© 2018 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.



timely filed that day.

**Source:** Model Local Rules

**Cross-references:** L.A.R. 27–32, 35, 40

**Comments:** Rules on electronic filing were added in 2008.

Time changed to midnight in 2010 to conform to amendments to FRAP.

### 113.4. Service of Documents by Electronic Means

**(a)** The Notice of Docket Activity that is generated by the court's **electronic filing system** constitutes service of the filed document on all Filing Users. Parties who are not Filing Users must be served with a copy of any document filed electronically in accordance with the Federal Rules of Appellate Procedure and the local rules.

**(b)** If the document is not filed and served electronically through the court's cm/ecf system, the filer must use an alternative method of service prescribed by FRAP 25(c).

**(c)** The Notice of Docket Activity generated by the court's **electronic filing system** does not replace the certificate of service required by FRAP 25. The certificate of service must state either that the other party is a Filing User and is served electronically by the Notice of Docket Activity or that the other party will be served with paper documents pursuant to FRAP 25(c)

**Source:** Model Local Rules

**Cross-references:** L.A.R. 27.2 and 31.1

**Comments:** The **electronic filing system** generates a Notice of Docket Activity at the time a document is filed with the system. The Notice indicates the time of filing, the name of the party and attorney filing the document, the type of document, and the text of the docket entry. It also contains an electronic link (hyperlink) to the filed document, if one was attached to the filing, allowing anyone receiving the notice by e-mail to retrieve the document automatically. The system sends this Notice to all case participants registered as Filing Users of the **electronic filing system**. Under the amendments to FRAP 25, a court may, by local rule, provide that the court's automatically generated Notice of Docket Activity constitutes service of the document on all Filing Users in the case.



EXHIBIT B6.

© 2018 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

DC-804
Part 1

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**

FOR OFFICIAL USE

_____
GRIEVANCE NUMBER

**OFFICIAL INMATE GRIEVANCE**

| TO: FACILITY GRIEVANCE COORDINATOR | FACILITY: SCI-HUNTINGDON | DATE: 9-11-18 |
|---|---|---|
| ~~KATHY PRESTON~~ HILDMAN | SIGNATURE OF INMATE: | |
| FROM: (INMATE NAME & NUMBER) | | |
| WORK ASSIGNMENT: HEILMAN LINE-C.I. | HOUSING ASSIGNMENT: FA-2062 | |

INSTRUCTIONS:
1. Refer to the DC-ADM 804 for procedures on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. List in Block B any action you may have taken to resolve this matter. Be sure to include the identity of staff members you have contacted.

A. Provide a brief, clear statement of your grievance. Additional paper may be used, maximum two pages (one DC-804 form and one one-sided 8½" x 11" page). State all relief that you are seeking.

ON 9-8-18 AT OR APPROXIMATELY 10:00 a.m. I WAS TAKEN TO SECURITY TO BE GIVEN LEGAL MAIL, THE LEGAL MAIL ENVELOPE SENDER INFORMATION AND RETURN ADDRESS WAS GREATLY DESTROYED BY CORRECTIONAL OFFICER LOWE DURING HIS OPENING OF THE LEGAL MAIL. THE CONTENTS-LEGAL CORRESPONDENCE AND GREATLY DESTROYED ENVELOPE WERE THEN COPIED/SCANNED ONTO A COPIER AND I WAS GIVEN A COPY AND THE ORIGINALS WERE PLACED INTO A BIN, THIS EVENT WAS VIDEO TAPED AND SHOULD BE AVAILABLE FOR REVIEW. MY LEGAL MAIL IS PRIVILEGED CORRESPONDENCE PROTECTED BY MY FIRST AND FOURTEENTH AMENDMENT RIGHT CLEARLY ESTABLISHED AS LAW IN PROCUNIER V. MARTINEZ, 416 U.S. 396, 94 S.Ct. 1800 (1974); BELL V. WOLFISH, 441 U.S. 520, 99 S.Ct. 1861 (1979); WOLFF V. MCDONNELL, 418 U.S. 539, 94 S.Ct. 2963 (1974), MY LEGAL MAIL CANNOT BE COPIED, READ, NOR STORED BY DEPARTMENT OF CORRECTIONS EMPLOYEES, WHEN LEGAL MAIL COMES INTO ANY STATE CORRECTIONAL FACILITY SHOWING A ATTORNEY CONTROL NUMBER AND RETURN ADDRESS IT IS EASILY VERIFIABLE, THE LEGAL MAIL CAN THEN BE OPENED IN THE PRISONERS PRESENCE AND SHAKEN FOR CONTRABAND THEN GIVEN TO GIVEN TO THE PRISONER IT WAS ADDRESSED, THUS MY PRIVILEGED CORRESPONDENCE RIGHTS HAVE BEEN VIOLATED WITHOUT PROBABLE CAUSE. I WANT MY ORIGINAL LEGAL DOCUMENTS RETURNED, I WANT ALL COPIES MADE AND ELECTRONICALLY STORED DESTROYED AND NEVER REPRODUCED OR REPRINTED. I WANT ALL DEPARTMENT OF CORRECTIONS STAFF TO STOP THE ACTIVITIES THAT CAUSE THE VIOLATION OF MY PRIVILEGED CORRESPONDENCE RIGHTS.

B. List actions taken and staff you have contacted, before submitting this grievance.

SPOKE WITH LT WALKER ON 9-7-18 BEFORE COPIER/SCANNER MALFUNCTIONED IN HEARING ROOM WHICH CAUSED ME TO WAIT UNTIL 9-8-18 TO RECEIVE LEGAL MAIL.

Your grievance has been received and will be processed in accordance with DC-ADM 804.

_____
Signature of Facility Grievance Coordinator

_____
Date

WHITE Facility Grievance Coordinator Copy     CANARY File Copy     PINK Action Return Copy
GOLDEN ROD Inmate Copy

EXHIBIT-C

**DC-ADM 804, Inmate Grievance System Procedures Manual**
**Section 1 – Grievances & Initial Review**
Issued: 4/27/2015
Effective: 5/1/2015

**Attachment 1-A**

# INITIAL REVIEW RESPONSE
### SCI-Huntingdon
### 1100 Pike St.
### Huntingdon, PA 16654-1112

*2062*

This serves to acknowledge receipt of your grievance to the assigned Grievance Officer. The response is as follows

| Inmate Name: | Logan | Inmate Number: | LJ7274 |
|---|---|---|---|
| Facility: | HUN | Unit Location: | FA |
| Grievance #: | 756359 | Grievance Date: | 9-13-18 |

| Decision: | ☐ Uphold Inmate | ☐ Uphold in Part/Deny in Part |
|---|---|---|
| | ☒ Grievance Denied | |

*It is the decision of this grievance officer to uphold or deny the inmate's initial grievance. This response will include a brief rationale, summarize the conclusion, any action taken to resolve the issue(s) raised in the grievance and, relief sought.*

| Response: | | *Frivolous* | |
|---|---|---|---|

Inmate Logan I have received your grievance, in your grievance you allege that this Dept. is in violation of state and federal laws pertaining to the issuance of legal mail. You state that CO1 Lowe destroyed your envelope to the point that your could not read the return address. You imply that you did not receive your legal mail in a timely manner. You also state that you have concerns of a "digital" record being saved on the printer.

On 8/29/18, the Secretary of Corrections ordered an immediate lockdown of all State Correctional Facilities. This action was taken to ensure the safety of all inmates, staff, visitors, and volunteers entering our facilities. Procedures were initiated to reduce the introduction of contraband into the facilities. One of these procedures involved the handling and distribution of legal mail. All correctional facilities were directed to process legal mail using the following procedure. The legal mail is placed into a containment box opened and inspected for contraband in the presence of the Inmate. After inspection, a copy of all contents including the envelope is made and the copy provided to the Inmate. The original document is then resealed in the original envelope and retained for 15 business. After 15 business days, the original document is destroyed.

The Department is not aware of any federal law that makes it illegal for the original mail to not be delivered to an inmate. The 15 business day holding period was put in place to provide a time period to address any specific issues that may occur from the copying process. This process is the process implemented by all correctional Facilities.

Inmate Logan I reviewed your concerns and note that you did not receive your legal mail in the allotted 24hr time frame in accordance with AMD 803 section 3.A.6.a however the Dept. reserves the right to suspend policies in the event of an emergency. on 8-29-18 the Secretary of Correction ordered a state of emergency encompassing all Dept. of Corrections Facilities. I spoke with CO1 Lowe concerning your envelope, he stated that did not intentionally tear your envelope. CO1 Lowe stated that you never mentioned having difficulty with reading the return address when the copies where issued or he would have attempted to rectify that problem. I also want to assure you that no "digital" copies are maintained or accessible to Dept. staff. Inmate Logan I am denying your grievance and any relief sought based on the above findings

| Signature: | Lt. Younker | |
|---|---|---|
| Title: | CO3 | |
| Date: | 9-23-18 | |

cc: Superintendent
DC-15
File

EXHIBIT C 1

*DC-ADM 804, Inmate Grievance System Procedures Manual*
*Section 1 - Grievances & Initial Review*
Issued: 12/1/2010
Effective: 12/8/2010

*Attachment 1-D*

DC-804
Part 1

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**

FOR OFFICIAL USE
762535
GRIEVANCE NUMBER

## OFFICIAL INMATE GRIEVANCE

| TO: FACILITY GRIEVANCE COORDINATOR | FACILITY: | DATE: |
|---|---|---|
| SUPERINTENDENT KAUFFMAN | SCI-HUNTINGDON | 9-28-18 |

| FROM: (INMATE NAME & NUMBER) | SIGNATURE OF INMATE: |
|---|---|
| Nickie R Logan LJ 7224 | Nickie R. Logan |

| WORK ASSIGNMENT: | HOUSING ASSIGNMENT: |
|---|---|
| HIELMAN LINE C.I. | FA-2062 |

INSTRUCTIONS:
1. Refer to the DC-ADM 804 for procedures on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. List in Block B any action you may have taken to resolve this matter. Be sure to include the identity of staff members you have contacted.

A. Provide a brief, clear statement of your grievance. Additional paper may be used, maximum two pages (one DC-804 form and one one-sided 8½" x 11" page). State all relief that you are seeking.

ON 9-18-18, I RECEIVED CLEARLY MARKED LEGAL MAIL WITH AN ATTORNEY CONTROL NUMBER FROM KIMBERLY R. BRUNSON, ONE OF THE ATTORNEY'S REPRESENTING ME ON DIRECT APPEAL. SHE INFORMED ME THAT SHE AND THE OTHER ATTORNEY'S REPRESENTING ME ON DIRECT APPEAL WILL NOT BE SENDING ME ANY MORE LEGAL MAIL BECAUSE OF THE BREACH OF CONFIDENTIALITY CAUSED BY SECRETARY WETZELS NEW ORDER/POLICY TO COPY/SCANN LEGAL MAIL AND IT'S CONTENTS INTO THE PERMANENT MEMORY HARD DRIVE OF SECURITY SCANNER/COPIER AND KEEP THE ORIGINAL DOCUMENTS AND ENVELOPE AND GIVE ME A COPY. THIS NEW ORDER/POLICY VIOLATES MY FIRST AMENDMENT PRIVILEGE CORRESPONDENCE RIGHT AND LEAVES OPEN FOR ANYONE TO READ AND REPRODUCE MY LEGAL MAIL PRIVILEGED CONTENTS AND THIS IS NOT INFORMATION ANY CORRECTIONS EMPLOYEE HAS A RIGHT TO READ OR SHARE AND HAVE ANY ACCESS TO.

I WANT MY ORIGINAL LEGAL MAIL AND IT'S CONTENTS RETURNED AND THE DIGITAL SCANNED/COPIES MADE ON THE SECURITY SCANNER/COPIER DESTROYED FROM THE PERMANENT MEMORY/HARD DRIVE.

B. List actions taken and staff you have contacted, before submitting this grievance.

FILED GRIEVANCE #756359 ON 9-13-18, IT WAS RESPONDED TO ON 9-23-18 WHICH I RECEIVED ON 9-27-18.

Your grievance has been received and will be processed in accordance with DC-ADM 804.

_Cyril Dean_                                      10.3.18

Signature of Facility Grievance Coordinator               Date

WHITE Facility Grievance Coordinator Copy     CANARY File Copy     PINK Action Return Copy
GOLDEN ROD Inmate Copy

EXHIBIT-C2

2062

# INITIAL REVIEW RESPONSE
### SCI-Huntingdon
### 1100 Pike St.
### Huntingdon, PA 16654-1112

This serves to acknowledge receipt of your grievance to the assigned Grievance Officer. The response is as follows.

| Inmate Name: | Logan | Inmate Number: | LJ7274 |
|---|---|---|---|
| Facility: | HUN | Unit Location: | FA |
| Grievance #: | 762535 | Grievance Date: | 10-3-18 |

| Decision: | ☐ Uphold Inmate | ☐ Uphold in Part/Deny in Part |
|---|---|---|
| | ☒ Grievance Denied | |

*It is the decision of this grievance officer to uphold or deny the inmate's initial grievance. This response will include a brief rationale, summarize the conclusion, any action taken to resolve the issue(s) raised in the grievance and, relief sought.*

| Response: | | *Frivolous* | |
|---|---|---|---|

Inmate Logan I have received your grievance, in your grievance you state that the Attorneys you chose to represent you, no longer wish to use the current legal process because of their belief that the attorney client privilege has been breached. You also allege that your constitutional rights have been violated.

On 8/29/18, the Secretary of Corrections ordered an immediate lockdown of all State Correctional Facilities. This action was taken to ensure the safety of all inmates, staff, visitors, and volunteers entering our facilities. Procedures were initiated to reduce the introduction of contraband into the facilities. One of these procedures involved the handling and distribution of legal mail. All correctional facilities were directed to process legal mail using the following procedure. The legal mail is placed into a containment box opened and inspected for contraband in the presence of the inmate. After inspection, a copy of all contents including the envelope is made and the copy provided to the inmate. The original document is then resealed in the original envelope and retained for 15 business. After 15 business days, the original document is destroyed.

The Department is not aware of any federal law that makes it illegal for the original mail to not be delivered to an inmate. The 15 business day holding period was put in place to provide a time period to address any specific issues that may occur from the copying process. This process is the process implemented by all correctional Facilities.

Inmate Logan I reviewed your grievance, your attorney's decision to not utilize the current legal mail process is not under this departments control. Inmate Logan your objection is noted, however as stated above this Dept. is unaware of any violation of state or federal laws pertaining to the current process. Therefore I am denying your grievance and all relief sought.

| Signature: | Lt. Younker | |
|---|---|---|
| Title: | CO3 | |
| Date: | 10-11-18 | |

cc: Superintendent
DC-15
File

EXHIBIT - C3

**DC-ADM 804, Inmate Grievance System Procedures Manual**
**Section 1 - Grievances & Initial Review**
Issued: 12/1/2010
Effective: 12/8/2010

*Attachment 1-D*

LISA B. FREELAND
Federal Public Defender

MICHAEL J. NOVARA
First Assistant Federal Public Defender

W. PENN HACKNEY
Senior Litigator

# FEDERAL PUBLIC DEFENDER

## WESTERN DISTRICT OF PENNSYLVANIA
### 1001 LIBERTY AVENUE
### SUITE 1500
### PITTSBURGH, PENNSYLVANIA 15222
### phone: (412) 644-6565
### fax: (412) 644-4594
### website: *http://paw.fd.org*

CHRISTOPHER B. BROWN
KIMBERLY R. BRUNSON
CANDACE CAIN
LINDA E.J. COHN
JAY J. FINKELSTEIN
SARAH LEVIN
ANDREW Z. LIPSON
THOMAS LIVINGSTON
ELISA A. LONG
LEON A. PARKER
RENEE D. PIETROPAOLO
SAMANTHA L. STERN
*Assistant Federal Public Defenders*

August 7, 2018

Mr. Nickie Logan
LJ-7274
State Correctional Institution at Huntingdon
1100 Pike Street
Huntingdon, PA 16654-1112

> Re:     *Logan v. District Attorney Allegheny County et. al.*
> **Third Circuit Court of Appeals, No. 16-4039**

Dear Mr. Logan:

I am writing to follow up on our conversation yesterday. Since then, I've had several conversations with Superintendent Wetzel's assistant, Constance Green. Ms. Green told me tyvek envelopes are considered contraband because they are waterproof and can be used by inmates to make alcoholic drinks.

She directed me to policy statement DC-ADM 815 which defines "contraband" as "any item that can reasonably be used to facilitate a crime or misconduct." I was able to locate a copy of this policy and am enclosing the relevant section in this letter. Ms. Green also directed me to the inmate handbook which contains the following prohibition regarding mail and incoming publications:

> Packaging considered unacceptable due to a security concern (*i.e.* tyvek, plastic, padded, or cardboard envelopes or boxes) is not permitted. The items will be removed from the original packaging and placed in an envelope. Hard plastic or metal binding is not permitted and will be removed prior to being sent to you. You are not permitted to receive greeting cards in colored envelopes (white envelopes are permitted).

Although you likely already have a copy of the handbook, I was able to obtain a copy and am enclosing that portion for your review.

Importantly, however, Ms. Green told me that when legal mail arrives in a tyvek envelop, the security officers who handle the legal mail are supposed to give

EXHIBIT D

the inmate the part of the envelope that contains the return address and the postmark. During a later conversation she assured me she spoke with the person in charge of processing legal mail to make sure the officers are reminded of this policy. She did not say whether this policy was written anywhere or was just an informal one. To avoid any further issues with our mail to you, I will try to ensure that it is sent in a plain envelope that is not considered unacceptable by the prison.

I hope this information helps you.

Sincerely,

Kimberly R. Brunson
Assistant Federal Public Defender

Encl. (2)

EXHIBIT D1



| Policy Subject: | | |
|---|---|---|
| **Mail and Incoming Publications (DC-ADM 803)** | | |
| Policy Number: | | |
| **Department Inmate Handbook - Bulletin 04** | | |
| Original Issue Date: | | |
| **2017 Edition** | | |
| Date of Issue: | Authority: | Effective Date: |
| **October 3, 2018** | **Signature on File** **John E. Wetzel** | **October 3, 2018** |

The purpose of this bulletin is to revise **Section III. Inmate Services/Privileges, Subsection H. Mail and Incoming Publications (DC-ADM 803)** of the **2017 Edition** of the **Department Inmate Handbook.**

Changes have been made to #'s 2., 5., 6., and 8. Information that has been deleted is crossed out, changes are in bold and italics and shall now read:

2. *Incoming non-privileged mail is processed by the Department's contracted central incoming inmate mail processing center. The mail processing center will open and scan each piece of incoming inmate non-privileged correspondence. Department staff will access the scanned copies and then print and deliver the printed paper copies to the inmate recipient. Department staff will process and distribute mail each weekday, Monday - Friday, except holidays.* Incoming mail must include a return address or it will be refused. Incoming and outgoing mail must include your committed name, DOC number, and complete address, or it will be returned. **EXCEPTION**: Outgoing mail addressed to the Pennsylvania State Police BCI/PREA Coordinator, 1800 Elmerton Avenue, Harrisburg, PA 17110 is not required to have the inmate name or number on the envelope. The PSP has asked that anyone making a report include their name and number in the body of the letter so they can identify and communicate with the person making the allegation.

5. All mail sent to you will be opened and checked for contraband. ~~Stamps may be removed to inspect for contraband.~~ The Department may read mail sent to you if the Department has reason to believe it is being used to plan an escape, other illegal activity, a misconduct offense, or in connection with a Department investigation. For more information on the handling of legal mail, refer to **DC-ADM 803**.

6. ~~Packaging considered unacceptable due to a security concern (i.e. tyvek, plastic, padded, or cardboard envelopes or boxes) is not permitted. The items will be removed from the original packaging and placed in an envelope. Hard plastic or metal binding is not permitted and will be removed prior to being sent to you. You are not permitted to receive greeting cards in colored envelopes (white envelopes are permitted).~~

8. You are permitted to receive magazines and newspapers *obtained in accordance with Department policy*. You are not permitted to receive material that threatens the security of the facility such as information about making explosives, firebombs, weapons, escape devices, alcohol, poisons, or drugs. Publications that advocate overthrowing the government, which create a threat in a correctional setting, contain racially inflammatory material or advocate, solicit, or further a criminal plan or a misconduct offense are not allowed. You may not receive maps that would facilitate the planning of an escape or other criminal activity. You may not receive photographs containing nudity, obscene, or explicit sexual material.

EXHIBIT- E

**Inmate FAQ**

**Mail**

**How will the new mail system work?**

All inmate *non-legal* mail must be sent to the following address:

*Smart Communications/PA DOC*
*SCI*
*Inmate Name/Inmate Number*
*PO Box 33028*
*St Petersburg, Florida 33733*

Smart communications will receive the mail, scan all mail (including letters, greeting cards, photos and news clippings) and forward the electronic mail to the SCI where the inmate is located. Envelopes will also be scanned and included with your mail. SCI will print mail and deliver to inmate.

**What return address should inmates use on outgoing mail?**
Inmates should use the Smart Communications address. CI will be producing new envelopes. If you use an old envelope, please make the corrections.

**How long will it take to get my mail?**
Following a 60-90 day transition period, Smart Communications will forward all mail within 24 hours of receipt, six days per week. During the initial transition period, it may take up to five days for mail to arrive at the SCI's.

**What do they do with the original mail?**
All original mail will be retained for a period of 45 days unless otherwise instructed by DOC. After 45 days, original mail will be destroyed.

**What happens to the electronic copies?**
All scanned mail is uploaded to a database that is organized/sorted by inmate. It is sent to inmates' location six days per week. When the electronic mail reaches the facility, staff can approve, deny or forward mail. Approved mail is printed and delivered to inmates.

**How long is the electronic mail saved?**
Smart Communications maintains electronic copies for seven years.

**What happens if official documents are included in my mail, such as drivers' license, social security cards, checks, court orders with raised seals etc.**
Smart Communications will forward all official documents to the SCI business office where the inmate is located.

**What happens with photos?**
Photos will be scanned and are still subject to review by the Incoming Publication Review Committee. Photos are limited to 25 photos per mailing. If a mailing has more than 25 photos, the entire mailing will be returned.

EXHIBIT-E1

**What type of paper will photos be printed on?**
Standard copy paper with color.

**Will inmates or inmate families be charged with printing the mail?**
DOC is printing the mail from Smart Communications at no charge to inmates or their familites.

**Will photos from outside vendors such as Pre-print or Shutterfly be permitted?**
Photos are permitted from vendors but are limited to 25 per mailing. Vendors must send all photos to Smart Communications for processing.

**Can photos be returned to sender by Smart Communications?**
No. All photos will be destroyed after the 45 day retention unless otherwise instructed by DOC.

**Will photos be available on tablets?**
Yes. In the near future, photos will be available on tablets.

**How will the senders of mail know when the mail is delivered?**
Senders of mail who register with Smart Communications can receive alerts when mail arrives at Smart Communication and when it is delivered to or rejected by the DOC.

**When mail is being returned to sender will there be any explanation of why it is being returned or where to send it next?**
Yes.

**Will this process delay the parole process?**
Following the transition period, Smart Communications will process mail within 24 hours. The electronic mail will be pre-sorted by housing unit; thus, reducing time in the SCI mailrooms. Green sheets, home plans and other time sensitive matters will not be delayed.

**Will more information be provided?**
We will continue to update the FAQs. In addition, Smart Communications is developing FAQs that will be available to inmates and families.

**Legal Mail**

**How will legal mail be processed?**
Legal mail will be opened in front of the inmate and inspected. It will be copied and the inmate will receive a copy. The process will be videotaped with the recording being secured by Smart Communications. The original will be placed in a secured box and be retained for 15 days. If no grievance is filed, the mail will be securely destroyed.

**Can we have the legal mail originals destroyed in front of us when we get the copies?**
Not at this time. Policy must be followed with document retention.

**Are courts being notified or cooperating with DOC in regards to mail delivery stoppage in conjunction with deadline?**



EXHIBIT-E2
# 2

Any inmates who claim to have missed a deadline due to the lockdown may file a grievance or submit a request slip and the Office of Chief Counsel will review.

**Will Legal mail ultimately be sent to the outside Vendor for processing?**
No.

**Publications**

**Are books available on tablets?**
By September 18, 2018, move than 8,500 e-books will be available on inmate tablets.

**Can family members still order books through publishers?**
No. All publications must be purchased through DOC.

**Can families purchase a book or subscription for inmates?**
We will be reviewing a process in the near future to enable families to purchase books/ subscriptions.

**How do inmates request to purchase a book?**
1. Inmate selects Publication request icon on kiosk..
2. Inmate includes name of book and author on request icon.
3. This icon is for publication request ONLY. All other requests will be deleted.
4. Central Office receives request and does a search, with price always in mind.
5. Central Office responds to inmate request on kiosk with price of book.
6. Inmate has two business days to submit a special "publication request" cash slip to Business Office for price of book.
7. Upon confirmation of payment Central Office purchases book.
8. Book is shipped to SCI and delivered to inmate.

**Are inmates limited to the number of book requests?**
Inmates are not limited to the number of books purchased – but must comply with the property limitations set forth in the DC-ADM 815.

**Will free or donated books be available?**
During a transition period, we will not be accepting donated books for individual inmates; however we are working on a process that would enable the DOC to accept free books for the general inmate population.

**What happens with religious books or outside bible studies?**
We will work with Religious services to develop policy as soon as possible. Volunteers should not be bringing publications into the facility at this time.

**What will happen to my current subscription for magazines/ periodicals?**
For now, you will continue to receive issues of current subscriptions. If any issue is compromised, it will be confiscated and destroyed. No future subscription orders may be purchased except through the kiosk.

**Will libraries have additional subscriptions to magazines and periodicals?**
DOC libraries will consider purchasing additional magazines and periodicals for inmates.

 EXHIBIT- E3

# CERTIFICATE OF SERVICE

I, Nickie R. Logan , DO HEREBY DECLARE THAT I AM THE
PLAINTIFF IN THE FORGOING FIRST AMENDED COMPLAINT FOR CLARITY
OF CLAIMS AND RELIEF REQUESTED. I CERTIFY THAT I HAVE THIS DAY
SERVED A TRUE AND CORRECT COPY OF THE SAME UPON THE BELOW NAMED
AND IN THE MANNER INDICATED. I FURTHER STATE THAT THE
STATEMENTS MADE HEREIN ARE TRUE AND CORRECT BASED UPON MY
EXPERIENCE, KNOWLEDGE, INFORMATION AND BELIEFS, IN ACCORDANCE
WITH THE PROVISIONS UNDER 28 U.S.C.§1746.

(1) ORIGINAL AND (1) COPY

FOR CLERK OF COURT AND JUDGE ASSIGNED AT:

U.S. DISTRICT COURTHOUSE

235 NORTH WASHINGTON AVENUE

SCRANTON, PA. 18503.

AND (1) COPY TO BE SERVED BY U.S. MARSHAL SERVICE TO:

JOHN E. WETZEL,

SECRETARY PENNSYLVANIA DEPARTMENT OF CORRECITONS

1920 TECHNOLOGY PARKWAY

MECHANICSBURG, PA. 17050.

DATED: 10-19-18

/s/ Nickie R. Logan #LJ 7224
1100 Pike Street
Huntingdon, Pa. 16654-1112

# CERTIFICATE OF SERVICE

I, Nickie R. Logan , DO HEREBY DECLARE THAT I AM THE PLAINTIFF IN THE FORGOING MOTION FOR PRELIMINARY INJUNCTION/TEMPORARY RESTRAINING ORDER AND MEMORANDUM IN SUPPORT THEREOF. I CERTIFY THAT I HAVE THIS DAY SERVED A TRUE AND CORRECT COPY OF THE SAME UPON THE BELOW NAMED AND IN THE MANNER INDICATED. I FURTHER STATE THAT THE STATEMENTS MADE HEREIN ARE TRUE AND CORRECT BASED UPON MY EXPERIENCE, KNOWLEDGE, INFORMATION AND BELIEFS, IN ACCORDANCE WITH THE PROVISIONS UNDER 28 U.S.C.§1746.

(1) ORIGINAL AND (1) COPY

FOR CLERK OF COURT AND JUDGE ASSIGNED AT:

U.S. DISTRICT COURTHOUSE

235 NORTH WASHINGTON AVENUE

SCRANTON, PA. 18503.

AND (1) COPY TO BE SERVED BY U.S. MARSHAL SERVICE TO:

JOHN E. WETZEL,

SECRETARY PENNSYLVANIA DEPARTMENT OF CORRECITONS

1920 TECHNOLOGY PARKWAY

MECHANICSBURG, PA. 17050.

DATED: 10-19-18

/s/ Nickie R. Logan #LJ2274
1100 Pike Street
Huntingdon, Pa. 16654-1112.